Harold Lichten, *pro hac vice anticipated*
(hlichten@llrlaw.com)
Olena Savytska, *pro hac vice anticipated*
(osavytska@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

Matthew D. Carlson (State Bar No. 273242)
(mcarlson@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
466 Geary Street, Suite 201
San Francisco, CA 94102
(415) 630-2651

Eric Lechtzin (State Bar No. 248958)
(elechtzin@bm.net)
Sarah R. Schalman-Bergen (*pro hac vice anticipated*)
(sschalman-bergen@bm.net)
Camille Fundora (*pro hac vice anticipated*)
(cfundora@bm.net)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARINDER GILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>314e CORPORATION,<br><br>Defendant. | Case No. _____<br><br>**COLLECTIVE and CLASS ACTION COMPLAINT AND JURY DEMAND** |

1
CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

1. Plaintiff Barinder Gill ("Plaintiff") through her undersigned counsel, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint against Defendant 314e Corporation ("Defendant" or "314e"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"); the California Labor Code §§ 203, 226(a), 226.7, 510 and 512; and California Business and Professions Code §§ 17200, *et seq.*[1] Plaintiff was employed by 314e as an IT consultant, and alleges that she and other similarly situated IT consultants did not receive overtime pay for hours worked in excess of forty (40) in a workweek, did not receive accurate wage statements, and did not receive meal or rest breaks. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

2. Plaintiff brings her FLSA claim on behalf of a class of similarly situated IT consultants who have worked for 314e during the past three years who may opt in to this case under the FLSA, 29 U.S.C. §§ 201 *et seq*. 314e has violated the FLSA by failing to pay these individuals overtime compensation for hours worked in excess of 40 a week.

3. Plaintiff also brings California state law claims under Rule 23 of the Federal Rules of Civil Procedure on behalf of similarly situated IT consultants who have worked for 314e in California. 314e has violated the California Labor Code by: (1) failing to pay IT consultants overtime compensation for hours worked in excess of 40 a week; and (2) depriving IT consultants of meal and rest breaks.

//

---

[1] In addition, Plaintiff intends to assert claims under the Private Attorney General Act of California, when those claims are perfected.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked pursuant to 29 U.S.C. §1331 because Plaintiff has brought claims under the Federal Fair Labor Standards Act.

5. This Court has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

6. Venue is properly in the Northern District of California in that the Defendant maintains its principal place of business in Fremont, California (Alameda County).

## III. PARTIES

7. Plaintiff Barinder Gill ("Plaintiff") is an individual residing in Chino Hills, California. Plaintiff worked for Defendant as an IT consultant providing information technology support to Defendant's clients in California during various intervals between approximately September 2013 and March 2014. Pursuant to 29 U.S.C. § 216(b), she has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

8. Defendant 314e Corporation ("Defendant" or "314e") is a California corporation that provides information technology and educational services for the healthcare industry across the country. 314e maintains its corporate headquarters in Fremont, California.

## IV. CLASS AND COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings this action as a collective action under §216(b) of the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"). The putative members of the collective class action under the FLSA consist of all individuals who in the last three years worked as IT consultants for 314e providing information technology support services within the United States.

//

10. Plaintiff also brings this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of all individuals who provided information technology support services for 314e within the State of California (the "California Class").

11. It is appropriate to treat this action both as a collective action under §216(b) and a class action under Rule 23 in that the classes of IT consultants in both instances are similarly situated in that all were subject to the common practices and policies of being deprived of overtime pay and being deprived of meal and rest breaks. All of 314e's IT consultants performed the same basic category of work, namely information technology support for 314e's clients, thus making class treatment appropriate in both instances.

12. The claims of the named Plaintiff are representative of and similar to the claims of the class, the named Plaintiff and her attorneys can adequately protect the interests of the class and are not in conflict with any members of the class. The claims of the named Plaintiff are typical of the claims of the class. Further, treating this action as a class and collective action would be far preferable to permitting numerous individual actions. Further, since all of the class members were subject to the same overarching violations of law, namely being deprived of overtime pay, being deprived of accurate wage statements, and being deprived of meal and rest breaks, there are common issues of law and fact that will predominate over individualized issues.

### III. STATEMENT OF FACTS

13. In or about September 2013, plaintiff Barinder Gill was hired by 314e to perform information technology support services for 314e's clients. Plaintiff was hired as an "hourly employee."

14. Specifically, Plaintiff was hired to provide information technology support to medical staff during the launch of a new record-keeping software system.

15. Plaintiff performed her work for 314e at UCLA Medical Center. Upon information and belief, 314e employs IT consultants to provide similar services for its clients in other states within the United States including Illinois and Massachusetts.

16. At the location where Plaintiff worked, there were approximately 200 other IT consultants performing similar work for 314e.

17. 314e provided all the information and training that is needed for Plaintiff and other IT consultants to perform their work. Plaintiff and other 314e IT consultants are not required to be highly skilled or proficient in the theoretical and practical application of highly specialized information to computer systems analysis, programming, or software engineering. Plaintiff's background is in medicine. Plaintiff has no special skills related to computer technology.

18. Plaintiff and other IT consultants do not work as computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. §541.400(a). Instead, they provided specific and discrete support functions in connection with the implementation of a new electronic data program.

19. Plaintiff and other 314e IT consultants' duties consist of providing support to hospital employees in using new programs for electronic data. After completing their own training in how to use the hospital's electronic record systems, IT consultants aid hospital staff with using the new program. Plaintiff and other 314e IT consultants do not perform "application of systems analysis techniques and procedures," as defined under 29 C.F.R. §541.400(b)(1); Cal. Lab. Code § 515.5(a)(2)(A). Plaintiff and other IT consultants do not analyze, consult, or determine hardware, software programs, or any system functional specifications for 314e or its clients.

20. Plaintiff and other IT consultants do not design, develop, document, analyze, create, test or modify computer systems or programs, as defined in 29 C.F.R. § 541.400(b)(2); Cal. Lab. Code § 515.5(a)(2)(B). Plaintiff and other IT consultants provided support to hospital employees learning to use new electronic data programs.

21. Plaintiff and other 314e IT consultants do not document, test, create, or modify computer programs related to the design of software or hardware for computer operating systems, as defined in 9 C.F.R. § 541.400(b)(2); Cal. Lab. Code § 515.5(a)(2)(B).

22. Plaintiff and other IT consultants are not highly skilled and proficient in the theoretical and practical application of highly specialized information to computer systems analysis, programming, or software engineering.

23. Plaintiff and other 314e IT consultants are not paid a minimum guaranteed salary. Plaintiff and other IT consultants are paid hourly, and are paid only for the time they work. If they do not work, they do not get paid.

24. Plaintiff and other IT consultants working for 314e worked significant amounts of overtime. On average, Plaintiff and other IT consultants worked 12 hours per day, 5 days per week.

25. Although Plaintiff and the other 314e IT consultants worked for up to 12 hours each day, they were not provided with meal or rest breaks during the day. The IT consultants were not allowed to leave their work site without permission form a 314e supervisor, and did not receive any pay for days when they had to miss work due to illness.

26. Plaintiff and all other 314e IT consultants were paid on an hourly basis. The IT consultants did not receive any overtime compensation and it was the company's uniform policy not to pay its IT consultants overtime.

27. Plaintiff and the other 314e IT consultants received pay stubs which Plaintiff's pay statements which failed to list all the hours they worked, or listed the hours they worked incorrectly. For example, Plaintiff's paystubs listed a number of hours worked at her straight hourly rate, and an additional lump sum amount of pay, not broken down by hours.

28. Plaintiff worked for 314e as an IT consultant until approximately March 2014.

## COUNT I

## FEDERAL FAIR LABOR STANDARDS ACT

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

31. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d).

32. 314e is subject to the wage requirements of the FLSA because 314e is an employer under 29 U.S.C. § 203(d).

33. At all relevant times, 314e was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

34. During all relevant times, Plaintiff and the Collective Action Members were covered employees entitled to the above-described protections of the FLSA. *See* 29 U.S.C. § 203(e).

35. Plaintiff and the Collective Action Members are not exempt from the requirements of the FLSA.

Case 3:17-cv-01062-JD   Document 1   Filed 03/01/17   Page 8 of 12

36. Plaintiff and the Collective Action Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

37. By misclassifying Plaintiff and the FLSA Collective Action Members as independent contractors, thereby exempting them from the requirements of the FLSA, 314e knowingly failed to compensate Plaintiff and Collective Action Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1),

38. In violating the FLSA, 314e acted willfully and with reckless disregard of clearly applicable FLSA provisions.

39. In violating the FLSA, on information and belief, 314e did not have any good faith basis to rely on any legal opinion or advice to the contrary.

40. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT II

## CALIFORNIA LABOR CODE §§ 510 AND 1194

41. The actions of 314e as set forth above violate California Labor Code §510, which requires an employer to compensate employees at one-and-a-half times the employee's regular rate of pay for all hours worked in excess of eight, up to and including 12 hours in a workday, and double the employee's regular rate of pay for all hours worked in excess of 12 in a workday.

42. 314e failed to pay Plaintiff and other IT consultants working in California overtime at the appropriate rate required by Cal. Lab. Code §510, since it had a policy of only paying the IT consultants at a straight hourly rate.

8
CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

43. Pursuant to Cal. Lab. Code §1194, Plaintiff and other IT consultants who have worked for 314e in California are entitled to recovery of unpaid overtime compensation, as well as attorneys' fees and costs. This claim is brought on behalf of a class of similarly situated individuals who have worked for 314e in California.

## COUNT III

## CALIFORNIA LABOR CODE §§ 226.7, 512

44. The conduct of 314e, as set forth above, in failing to provide IT consultants with meal and rest breaks during the IT consultants' workdays, which are up to 12 hours long, constitutes a violation of Cal. Lab. Code §§ 226.7 and 512, which require an employer to provide a meal period of at least 30 minutes for any shift over 5 hours, to be provided within the first 5 hours; and a second meal period off at least 30 minutes for shifts over 10 hours. The actions of 314e actions also constitute a violation of the rest break requirement contained in Cal. Lab. Code 226.7, which requires an employer to provide rest breaks of no less than 10 minutes for every 4 hours worked. This claim is brought on behalf of a class of similarly situated individuals who have worked for 314e in California.

## COUNT IV

## CALIFORNIA LABOR CODE § 203

45. 314e's failure to pay wages due to Plaintiff and proposed California Class members as alleged above was willful in that Defendant knew wages were due but failed to pay them.

46. Plaintiff and California Class members who no longer work for 314e are entitled to penalties under Cal. Lab. Code § 203, which provides that, if an employer willfully fails to pay an employee all wages due within 72 hours of their termination, the employee's wages shall continue as a penalty until paid for a period of up to 30 days form the time they were due.

## COUNT V

## CALIFORNIA LABOR CODE § 226(a)

47. The actions of 314e as set forth above violate Section 226(a) of the California Labor Code, which provides that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing . . . [the] total hours worked by the employee," "the number of piece-rate units earned," "all deductions" and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code §§226(a). This claim is brought on behalf of a class of similarly situated individuals who have worked for 314e in California.

48. 314e has knowingly and intentionally failed to comply with Cal. Lab. Code §§226 because it has (1) failed to provide to its IT consultants with wage statements which accurately reflected their hourly rate and number of hours worked, in violation of §226(a)(3).

## COUNT VI

## CAL. BUS. & PROF. CODE §17200, *et seq*.

49. The conduct of 314e, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). The conduct of 314e constitutes unlawful business acts or practices, in that 314e has violated California Labor Code Sections 203, 226.7 and 512. As a result of 314e's unlawful conduct, Plaintiff and California Class members suffered injury in fact and lost money and property, including, but not limited to unpaid overtime wages, and unpaid meal and rest breaks. Pursuant to California Business and Professions Code § 17203, Plaintiff and California Class members seek declaratory and injunctive relief for 314e's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and class

members who worked for 314e in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

### JURY DEMAND

Plaintiff requests a trial by jury on all of her claims.

**WHEREFORE** Plaintiff requests that this Court enter the following relief:

a. Certify a collective action pursuant to 29 U.S.C. 216(b) and authorize the issuance of notice to similarly-situated IT consultants;

b. Certify a class action pursuant Federal Rule of Civil Procedure 23 and appoint Plaintiff and her counsel to represent the California Class;

b. Declare and find that the Defendant violated Cal. Bus. & Prof. Code §17200, *et seq.*;

c. Award compensatory damages, including all unpaid overtime wages, statutory damages, and liquidated damages in an amount according to proof;

e. Award liquidated damages under the FLSA;

f. Award all interest, costs and attorney's fees incurred prosecuting this claim;

g. Enter injunctive relief in the form of an order directing Defendant to comply with Cal. Lab. Code; and

h. Such other relief as in law or equity may pertain.

Respectfully submitted,

BARINDER GILL, individually and on behalf of all others similarly situated,

By her attorneys,

 /s/ Matthew D. Carlson_____
Matthew D. Carlson (State Bar No. 273242)
(mcarlson@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.

466 Geary Street, Suite 201
San Francisco, CA 94102
(415) 630-2651

Harold Lichten (*pro hac vice anticipated*)
(hlichten@llrlaw.com)
Olena Savytska, (*pro hac vice anticipated*)
(osavytska@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800


Eric Lechtzin (*pro hac vice anticipated*)
(elechtzin@bm.net)
Sarah R. Schalman-Bergen (*pro hac vice anticipated*)
(sschalman-bergen@bm.net)
Camille Fundora (*pro hac vice anticipated*)
(cfundora@bm.net)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Dated:         March 1, 2017

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND